This is an appeal filed by the state of Ohio from a March 9, 1998 Opinion and Judgment Entry of the Lucas County Court of Common Pleas in which the court granted a motion to dismiss an indictment charging appellee, Jerry J. Krouse, with escape. The state has presented one assignment of error for review which is:
 "THE TRIAL COURT ERRED IN GRANTING/UPHOLDING/SUSTAINING DEFENDANT-APPELLEE'S MOTION TO DISMISS THE INDICTMENT FOR ESCAPE UNDER R.C. 2921.34(A) AND (C)(2)(a)."
The record shows that the grand jury sitting in Lucas County, Ohio, charged appellee with escape pursuant to R.C. 2921.34(A) and (C)(2)(a). In his motion to dismiss the indictment, appellee informed the trial court that the basis for the escape charge was that he returned past curfew to a half-way house where he lived as a condition of parole. Because he was late, he was not allowed to enter the half-way house. He did not return to the half-way house.
Appellee filed his motion to dismiss and argued that at the time of his indictment conflicting Ohio statutory law existed regarding whether a person can be charged with escape when they are on parole. He argued that the only conclusion that the court could reach when it applied statutory construction rules was that an escape charge could not be filed against a person for a parole violation.
The trial court considered the statutes in question and agreed that a conflict existed in their provisions. The court also agreed that the only correct way to resolve the conflict was to rule that the escape charge filed against appellant was invalid. The trial court therefore granted the motion to dismiss.
On the authority of State v. Conyers (Jul. 17, 1998), Lucas App. No. L-97-1327, unreported, we find the state's sole assignment of error not well-taken. Our analysis in that case is in agreement with the analysis applied by the trial court in this case.
The judgment of the Lucas County Court of Common Pleas is affirmed. The state is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ------------------------- JUDGE
Melvin L. Resnick, J. ------------------------- JUDGE
Richard W. Knepper, J. CONCUR. ------------------------- JUDGE